

**FILED**
**Jul 02, 2026**
**10:32 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Keisha Tate | Docket No. 2026-80-0091 |
| v. | State File No. 38644-2025 |
| Walgreens Co., et al. | |
| Appeal from the Court of Workers' Compensation Claims Amber E. Luttrell, Judge | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee seeks reversal of the trial court's order continuing her expedited hearing and setting her case for a status hearing. The employee was robbed at gunpoint while working for the employer, and the employer provided authorized treatment, including psychiatric care. The employee filed a petition for benefit determination alleging numerous physical injuries that she related to the robbery at work. After the trial court scheduled an expedited hearing, the employer filed a motion for referral to mediation to discuss the various issues raised by the employee. The trial court granted the motion. The employee did not appear for the mediation and stated in an email to the trial court clerk that she could not actively participate in the mediation or court hearings due to her numerous physical and mental health issues. The trial court issued an order continuing the expedited hearing and setting the case for a status hearing. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Keisha Tate, Tennessee, employee-appellant, pro se

J.V. Thompson, Jackson, Tennessee, for the employer-appellee, Walgreens Co.

## Memorandum Opinion[1]

Due primarily to the procedural status of this case and the lack of any evidence admitted into the record, there is scant factual information contained in the technical record. However, we have gleaned the following information from our review of the pleadings and sworn statements, which appear to be unrefuted at this stage of the case. On June 2, 2025, Keisha Tate ("Employee") was working for Walgreens Co. ("Employer") when an armed intruder forced her to empty out the office safe. There is nothing in the record to indicate Employee was physically assaulted during the robbery. Once the gunman left, Employee contacted the police and then reported the robbery to Employer. Two days later, on June 4, Employee reported a mental injury, and Employer authorized counseling with a psychologist, although it did not provide a panel of physicians or other qualified providers at that time. In August 2025, Employee's attorney requested that Employer authorize treatment with a psychiatrist.[2] Employer then provided a panel, and Employee selected Dr. Jack Morgan.

In January 2026, Employee filed a petition for benefit determination and attached a sworn statement asserting that: (1) she had not received a timely panel; (2) she had been in the hospital for 6 days in November 2025; (2) she had a traumatic brain injury ("TBI") and was leaking cerebrospinal fluid; and (4) she had not received any temporary disability benefits. Shortly thereafter, on January 28, she filed a request for an expedited hearing and a Rule 72 Declaration seeking temporary disability and medical benefits and identifying numerous physical conditions she alleged were caused by the incident at work. The court held a status hearing on February 17, 2026, and issued an order on February 19 setting the expedited hearing for April 29, 2026. The court's order indicated Employee had expressed a desire for a "global settlement" at the status conference, and it encouraged the parties to engage in settlement discussions. That order was not appealed.

Employer filed a motion for the court to refer the case to mediation on February 26, 2026. Employee objected to the motion, stating she had no desire to mediate. The trial court granted the motion on March 3, and it later issued an order setting the mediation for March 31 and granting Employee's request to participate virtually. Neither order was appealed.

On March 31, Employee emailed the trial court clerk to inform the court that she did not participate in the mediation due to a medical emergency that necessitated hospitalization. Upon learning this information, the trial court reached out to both parties to schedule a status conference, and Employee responded on April 7, stating:

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

[2] Although unclear from the record, it appears Employee began representing herself sometime between August 2025 and January 2026.

I am not available for a status hearing [this week] . . . . Right now, I have brain fog from a TBI and I am on 24-hour medication. I don't know how long this is going to last before they switch me off of it. . . . I can't see the doctor that keeps me in good health to be able to do status hearings, mediation, or other court dates. . . . In the best interest of my health and this case, I advise that we get something more meaningful moving than this.

Based on these statements, the trial court issued an order on April 9, 2026 continuing the expedited hearing and scheduling a status conference for June 23, 2026. The court also stated that if Employee felt as though she could participate in mediation and/or hearings before that date, she could contact the trial court's legal assistant to schedule an earlier date. Employee timely appealed the order on April 20.[3]

In her notice of appeal, Employee identified four issues, none of which relate to the trial court's April 9 order continuing the expedited hearing and setting a status conference. She described the robbery and her various alleged medical diagnoses, indicated she has medical bills and copays that need to be paid, and stated she did not want to participate in mediation as ordered by the trial court. In her brief, Employee also asserts the trial court violated her due process rights by continuing the expedited hearing, "effectively stripping [Employee] of the only mechanism to obtain an Interlocutory Order for medical care." Her brief also discusses several actions on the part of Employer and the trial court that Employee views as unlawful or inappropriate.

Pursuant to Tennessee's Workers' Compensation Law, mediation is mandatory. *See* Tenn. Code Ann. §§ 50-6-203(a), -236 (2025). Parties are required to attend mediation and "mediate all issues in good faith." Tenn. Code Ann. § 50-6-236(c)(1) (2025). Further, workers' compensation judges have the authority to issue orders related to a party's failure to attend mediation and/or failure to mediate in good faith. *See* Tenn. Code Ann. § 50-6-236(g) (2025).

Here, the court ordered the parties to participate in mediation. That order was not timely appealed. The only order that has been timely appealed in this case is the April 9 order continuing the expedited hearing and scheduling a status conference. Thus, those are the only issues appropriate for review in the scope of this appeal. Furthermore, it is well-settled that issues cannot be raised for the first time on appeal. *See Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *14-15 (Tenn. Workers' Comp. App. Bd. July 31, 2015). In the present case, the trial court has not yet held an evidentiary hearing or made any findings of fact regarding whether Employee will likely prevail at a hearing on the merits concerning her claim for workers' compensation benefits. Consequently, those issues are not properly before us in this interlocutory appeal.

---

[3] On April 19, 2020, Employee attempted to appeal the court's February 19, 2026 order setting the expedited hearing, but that notice of appeal was improperly filed and untimely.

Regarding Employee's argument that the court's decision to continue the hearing and set a scheduling conference was a violation of due process, we conclude this argument is without merit. The court has not barred Employee from having an expedited hearing. It has instead delayed that hearing until Employee is able to participate in "status hearings, mediation, or other court dates." The plain language of the order encourages Employee to notify the court when she is ready to proceed, and the record contains no evidence that she has done so. It is well established that trial courts have considerable discretion in "controlling the pace of litigation through the use of supervision and docket management." *Smith v. The Newman Group, LLC*, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Tenn. Workers' Comp. App. Bd. Sept. 21, 2015) (internal citation and quotation marks omitted). We conclude the trial court has taken no actions that implicate due process concerns.[4]

In short, Employee has a pending mental injury claim and has alleged she suffers from a TBI, "brain fog," and side effects from medication. The court has expressed a valid concern as to Employee's current capacity to pursue benefits at an expedited hearing as a self-represented litigant. Given the circumstances, we conclude the trial court did not abuse its discretion by issuing the order to continue the hearing date and setting a status conference.

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employee.

---

[4] "Procedural due process requires a government entity to employ fundamentally fair procedures whenever it acts to deprive a person of a right to or interest in life, liberty, or property." *Miller v. Tenn. Bd. of Nursing*, 256 S.W.3d 225, 234 (Tenn. Ct. App. 2007) (internal citations omitted).